## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-07-KHV |
| PHILLIP VILLEREAL ALARCON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the government's Motion For Review Of Release (Doc. #173) filed July 3, 2012. On August 14, 2012, the Court held a hearing on the motion. Based on the considerations discussed below, the Court finds that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community. Defendant should therefore be detained pending trial.

### **Procedural Background**

A grand jury charged Phillip Villereal Alarcon and some 34 other defendants with conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and with conspiracy to maintain drug-involved premises in Kansas, Missouri, and California. Sealed Indictment (Doc. #192) filed July 11, 2012, Count 1. It also charged defendant with knowingly and intentionally possessing with intent to distribute marijuana, id., Count 42; and using a cellular telephone in committing, causing, and facilitating the offence in Count 1, id., Count 38, 45. Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii), the conspiracy charged in Count 1 carries

a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention.  See 18 U.S.C. § 3142(e)(3)(A).

On July 3, 2012, United States Magistrate Judge Donna Ryu held a detention hearing.  Over the government's objection, Judge Ryu granted a $100,000 bond and ordered that defendant be released from custody to his aunt, Elida Segundo.  Order Setting Conditions Of Release And Appearance Bond (Doc. #239-3).  The government seeks review of the release order.

**Standard Of Review**

The government may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(a)(1).  The district court reviews de novo a magistrate judge's order of release or detention.  See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001).  The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings.  See Lutz, 207 F. Supp.2d at 1251.  A de novo evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See Torres, 929 F.2d at 291.  The Court also may incorporate the record of the proceedings conducted by the magistrate judge, including the exhibits he admitted.  Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 257 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

>   (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>   (2) the weight of the evidence against the person;
>
>   (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Where there is probable cause to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Once the government invokes this presumption, defendant bears the burden of producing some evidence to rebut the presumption. See United States v. Stricklin, 932

F.2d 1353, 1354-55 (10th Cir. 1991).  Even if defendant meets this burden, the Court is free to consider the presumption as a factor in determining whether to release or detain defendant.  Id. at 1355; see United States v. Frater, 356 Fed. Appx. 133, 135 (10th Cir. 2009).

The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must show by a preponderance of the evidence that defendant presents a serious flight risk.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

## Analysis

Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 18 U.S.C. § 801 et seq.  Accordingly, a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(A).  For the following reasons, the Court finds that  finds that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any other person and the community.

**I.    Nature And Circumstances Of The Offense**s

The charged offenses include conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and conspiracy to maintain drug-involved premises.  The nature and circumstances

of the offenses weigh in favor of detention.

## II. Weight Of The Evidence

At the hearing on August 14, 2012, the government proffered that defendant was a broker in a cross-country drug conspiracy; he arranged for large quantities of high-grade marijuana to be shipped from California to Kansas; and he was a multi-kilo cocaine distributor. At one of defendant's houses, officers found $120,000 shrink-wrapped in bags in the attic; three pounds of marijuana drying; user quantities of marijuana and cocaine; a duffle bag full of heat-seal bags; a money counter; and scales. Defendant's other house held a marijuana grow operation with 174 plants. Officers also found ammunition at one of defendant's houses. The weight of the evidence favors detention.

## III. History And Characteristics Of Defendant

Defendant is 43 years old. For eight years, he has resided in Haywood, California with his fiance, Amanda Eastman, and two of his three minor children. His three children are from two previous relationships. Defendant and Eastman do not have any children together.

Defendant was born to Phillip Alarcon (deceased) and Maria Barrera in Castro Valley, California. He maintains frequent contact with his mother and maternal half-brother, both of whom reside in Fremont, California. Defendant has resided in the San Francisco Bay Area his whole life, except from 1987 to 1990, during which time he was enlisted in the United States Navy.

Defendant has a high school education. He has been unemployed for two years. Before that, he was employed at New United Motor Manufacturing, Inc. in Fremont, California for 19 years.

Defendant has a history of violence and a history of violating court orders. As already noted, defendant was enlisted in the U.S. Navy from 1987 to 1990. He received an "Other Than

Honorable" discharge for leaving the ship when unauthorized to do so and for fighting with other soldiers. In 1992, defendant was convicted of carrying a loaded firearm in a public place. He was sentenced to three years probation and a fine. Defendant failed to appear and pay the fine twice. Also in 1992, defendant was convicted of driving without a license for which he was sentenced to pay a fine. But he failed to appear and pay the fine. In 1999 defendant was charged with aggravated robbery, which was dropped, and infliction of corporal injury on spouse/cohabitant. In 2009, defendant was convicted of reckless driving for driving under the influence of alcohol/drugs. He was sentenced to three years probation, one day in jail, and a fine. While on probation, defendant committed the crimes alleged in the indictment.

During the investigation of this case, defendant was the target of a wiretap. At the hearing, the government proffered that it intercepted a call on defendant's phone in which defendant stated that someone had broken into his house to steal drugs, and that he had a gun and would get even. In addition, a codefendant in this case has an active restraining order against defendant.

On July 3, 2012, defendant was released on bond. In the two days he was out on bond, he did not attempt to flee. Nevertheless, because defendant has a history of violence, and has shown a pattern of disregarding court orders to appear, his history and characteristics indicate that he is not capable of complying with conditions of release and that he poses a danger to the community.

**IV.  Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy. The evidence indicates that he distributed large quantities of cocaine and marijuana, and that he has a history of violence. The

Court finds by clear and convincing evidence that defendant is a danger to the community.

**V.     Balance Of Factors**

Defendant's strong family ties to the San Francisco Bay Area weigh in favor of release. But this factor is outweighed by the other factors discussed above, which indicate that defendant has a history of violence and not complying with court orders. Based on the indictment, the record before the magistrate judge, including the pretrial services report, and the evidence proffered at the hearing on August 14, 2012, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance as required and the safety of the community.

**IT IS THEREFORE ORDERED** that the government's Motion For Review Of Release (Doc. #173) filed July 3, 2012 be and hereby is **SUSTAINED**. Defendant Phillip Villereal Alarcon shall remain in custody pending trial.

Dated this 16th day of August, 2012 at Kansas City, Kansas.

s/ Beth Phillips
Beth Phillips
United States District Judge