**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHILLIP ALARCON, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 12-20083-07-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Review Detention Order</u> (Doc. #1055) filed October 4, 2013. On October 15, 2013, the Court held a hearing on the motion.

### Procedural Background

A grand jury charged Phillip Alarcon and some 42 other defendants with conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms or more of marijuana, and with conspiracy to maintain drug-involved premises in Kansas, Missouri and California. <u>Sealed Superseding Indictment</u> (Doc. #462) filed October 31, 2012, Count 1. It also charged defendant with knowingly and intentionally possessing with intent to distribute marijuana, <u>id.</u>, Count 43; and using a cellular telephone in committing, causing, and facilitating the offence in Count 1, <u>id.</u>, Counts 39, 46. Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii), the conspiracy charged in Count 1 carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention. <u>See</u> 18 U.S.C. § 3142(e)(3)(A).

On July 3, 2012, United States Magistrate Judge Donna Ryu held a detention hearing. Over the government's objection, Judge Ryu granted a $100,000 bond and ordered that defendant be

released from custody to his aunt, Elida Segundo. Order Setting Conditions Of Release And Appearance Bond (Doc. #239-3). On August 16, 2012, on the government's motion for review, the Honorable Beth Phillips ordered the defendant detained pending trial.

On January 29, 2013, before United States Magistrate Judge James P. O'Hara, defendant entered a plea of guilty to Count 1. Judge O'Hara ordered defendant detained pending sentencing.

On September 25, 2013, defendant sought review and release from custody. Defendant sought release to visit his mother, Maria Barrera, who was recently diagnosed with a terminal illness. Defendant notes that his mother is now living with his aunt, Ms. Segundo, and that they are caring for his two children, ages 6 and 9. Defendant seeks release so that he can find alternative custody arrangements for his children. On October 3, 2013, Judge O'Hara overruled defendant's motion for release and ordered defendant detained pending sentencing.

On October 8, 2013, defendant filed a motion for review of Judge O'Hara's detention order.

**Analysis**

Defendant seeks release pending sentence. Title 18, United States Code, Section 3145(c) provides as follows:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The parties agree that defendant is subject to detention pursuant to Section 3143(a)(2). To warrant release in these circumstances, defendant must (1) show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, 18 U.S.C. § 3143(a)(1), and (2) clearly show exceptional

-2-

reasons why his detention would not be appropriate, 18 U.S.C. § 3145(c).

The Court takes judicial notice of and incorporates the Pretrial Services Report for defendant and the record of the various proceedings conducted by the magistrate judges.

**I.      Defendant Is Not Likely To Flee Or Pose A Danger To Others**

Based in part on the recommendation of the Pretrial Services Officer in the Northern District of California, Magistrate Judge Ryu initially ordered defendant released pending trial. On review, Judge Phillips ordered defendant detained. At this stage some 14 months later and after intervening circumstances including defendant's plea of guilty to a single count, the Court finds that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

The government originally charged defendant with several offenses including at least one for which the Controlled Substances Act, 18 U.S.C. § 801 et seq., prescribes a maximum term of imprisonment of ten years or more. Accordingly, Judge Phillips relied on a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Defendant has now pled guilty to a single offense and the parties agree that he faces a sentence of approximately 60 months, significantly less than the potential sentence he faced at the time of his prior review hearing.

As noted, the Pretrial Services Officer in the Northern District of California recommended release. In addition, in light of defendant's changed family circumstances, particularly the rapidly declining health of his mother, who is the custodian of his two young children, the Court finds that defendant is not likely to flee or pose a danger to others. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. With the conditions set forth in the accompanying release order, the Court finds

that defendant is not a danger to the community.

Based upon the indictment, the record before the magistrate judges and the evidence proffered at the hearing on October 15, 2013, the Court concludes that defendant has rebutted the presumption that no conditions of release will ensure the safety of the community. From the record, it appears that a combination of conditions of release would reasonably assure defendant's presence at later proceedings and the safety of other persons and the community. Accordingly, defendant meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1).

**II.     Defendant Has Clearly Shown Exceptional Reasons Why Detention Is Not Appropriate**

As noted, defendant must clearly show exceptional reasons why his detention would not be appropriate. 18 U.S.C. § 3145(c). "Exceptional" means clearly out of the ordinary, uncommon or rare. United States v. Mutte, 383 Fed. Appx. 716, 718 (10th Cir. 2010); United States v. Wages, 271 Fed. Appx. 726, 727 (10th Cir. 2008). A wide range of factors may bear upon the analysis. United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003).

Based on the circumstances set forth at the hearing on October 15, 2013 and in defendant's motions and exhibits, defendant has clearly shown exceptional reasons why continued detention is not appropriate. 18 U.S.C. § 3145(c). Family circumstances ordinarily do not constitute exceptional reasons, but the Court believes that the circumstances in this case are uncommon. Defendant's mother, the primary custodian of his two young children, was diagnosed with a terminal illness after defendant pled guilty. No other family member in the local area appears able to take care of the children for the duration of defendant's expected prison term. Defendant should be released for 60 days to arrange for an appropriate custodian for his children.

**IT IS THEREFORE ORDERED** that defendant's Motion To Review Detention Order

(Doc. #1055) filed October 4, 2013 be and hereby is **SUSTAINED in part**. **Phillip Alarcon shall be released on the conditions set forth in the accompanying release order which includes a $100,000 unsecured bond. On or before December 17, 2013, at a time and location to be designated by the United States Marshal, defendant shall surrender to the custody of the United States Marshal in the District of Kansas. Any motion to extend the deadline to report shall be filed by November 27, 2013.**

Dated this 16th day of October, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
